15285

CITY OF BEAUFORT v. RICKENBAKER

(15 S. E. (2d), 677)

432

*Mr. C. E. Cooley,* of Anderson, *Mr. Grover C. Powell,* of Atlanta, Ga., *Mr. Hayden Covington,* of Brooklyn, N. Y., as counsel for appellant, with *Mr. Joseph F. Rutherford,* of Brooklyn, N. Y., on the brief as "of counsel,"

*Mr. Randolph Murdaugh,* Solicitor, and *Mr. W. W. El-
liott,* City Attorney of Beaufort, for respondent, 

June 28, 1941.

The opinion of the Court was delivered by MR. ASSOCI-
ATE JUSTICE STUKES.

The appellant was one of twelve persons, men and wo-
men, who entered the City of Beaufort very early on Sun-
day morning, June 30, 1940, and at about first daylight dis-
tributed religious pamphlets on the porches of the residents.
Some of the latter complained of the disturbance to a police-
man on duty who arrested the appellant and she was later
tried in the mayor's Court and convicted of the violation of
the following quoted ordinance: "Every person, who shall by
provoking or insulting epithets, words, or gestures, attempt
to provoke another shall be deemed guilty of disorderly con-
duct, and upon conviction thereof be fined in any sum not
exceeding One Hundred Dollars or imprisonment, not ex-
ceeding Thirty days."

From the sentence the defendant appealed to the Court
of General Sessions which affirmed the judgment and sen-
tence, whereupon this appeal was taken.

The defendant moved before the mayor to dismiss
the prosecution, one of the grounds being in effect
that there was no evidence of guilt under the ordi-
nance, and this ground was preserved in the appeal to the
Circuit Court and here by the exceptions. Incidentally the
latter are not prepared or presented in accord with the rules
of this Court, which shortcoming is overlooked in view of
the fact that the appellant's principal attorney is not a mem-

ber of the bar of this State and therefore not versed in the practice before our Courts.

We have carefully read the testimony, all of which is printed in the record, and we find none which would justify conviction of the appellant of a violation of the quoted ordinance under which she was prosecuted, convicted and sentenced, so the latter will be reversed.

There are other exceptions and much argument of appellant alleging violation of her constitutional rights of religious freedom and freedom of the press which need not be considered in view of the disposition of the appeal above indicated. But see *City of Gaffney v. Putnam,* 15 S. E. (2d), 130, decided by this Court on June 2, 1941.

The judgment of the Circuit Court is reversed as is the conviction and sentence of the appellant by the city Court of Beaufort.

MR. CHIEF JUSTICE BONHAM, MESSRS. JUSTICES BAKER and FISHBURNE and MR. ACTING ASSOCIATE JUSTICE L. D. LIDE concur.